UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, et al., | ) ) ) | CASE NO. 5:11CV350 |
| PLAINTIFFS, | ) ) ) | JUDGE SARA LIOI |
| vs. | ) ) | |
| PACIFIC EMPLOYERS INSURANCE COMPANY, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| DEFENDANT. | ) ) ) | |

Before the Court is defendant's motion (Doc. No. 18) to reconsider this Court's Memorandum Opinion and Order dated March 23, 2012, plaintiff's memorandum in opposition (Doc. No. 19), and defendant's reply (Doc. No. 20). For the reasons set forth herein, the motion for reconsideration is granted and, upon reconsideration, the Court vacates in part[1] the March 23, 2012 Memorandum Opinion and Order denying defendant's motion to dismiss and, instead, grants that motion and dismisses the case as barred by the doctrine of *res judicata*.

## I. BACKGROUND

Plaintiffs (hereafter "Bridgestone/FP") brought an action for declaratory judgment and breach of contract against defendant (hereafter "PEIC"), alleging breach of two insurance policies. PEIC filed a motion to dismiss, arguing that plaintiffs were attempting to re-litigate an insurance coverage dispute previously litigated in the U.S. District Court for the Western District

---

[1] The Court adheres to its recitation of the factual and procedural background set forth in Section I of the order. (Doc. No. 16 at 841-846.) That portion of the Memorandum Opinion and Order is not vacated and, rather than being repeated, is incorporated herein by reference.

of Louisiana ("the Louisiana Coverage Action"), which had been resolved in PEIC's favor and affirmed on appeal. In its motion to dismiss, PEIC argued that the instant action was barred by the doctrine of *res judicata*.

On March 23, 2012, after defendant's motion was fully briefed, the Court issued the Memorandum Opinion and Order now under reconsideration. (Doc. No. 16.) Therein, the Court compared the Louisiana Coverage Action to the instant lawsuit and determined that the subject matter of the Louisiana lawsuit did not include the two insurance policies at issue herein and, therefore, the instant action was not barred by *res judicata* (i.e., claim preclusion). The Court also determined that issue preclusion would apply, prohibiting relitigation of whether the hearing loss at issue was "bodily injury by accident" or "bodily injury by disease," concluding that "[u]nder the ruling by the district court in the Louisiana Coverage action, the hearing loss suffered by each *Blackwell* plaintiff was a 'bodily injury by disease.'"

In the March 23rd order, the Court also directed Bridgestone/FP to show cause in writing within seven (7) days why the case should not be transferred to the U.S. District Court for the Western District of Louisiana. Bridgestone/FP subsequently sought and was granted an extension of time to file its brief. On April 2, 2012, however, PEIC filed the instant motion. By separate order, the Court stayed the briefing with respect to transfer until the reconsideration motion could be resolved. That motion is now ripe for determination.

## II. DISCUSSION

While a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it serves a legitimate and valuable role in certain situations. *Nat'l Union Fire Ins. Co. v. Continental Illinois Corp.*, 116 F.R.D. 252, 253 (N.D. Ill. 1987) (citing *Above The Belt, Inc. v.*

*Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99 (E.D. Va. 1983)). Such a motion is typically treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380, 382 (6th Cir. 1991) (citing *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979)). As such, it is not an opportunity for an unhappy litigant to reargue the case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Motions for reconsideration are not substitutes for appeal nor are they vehicles whereby a party may present arguments inexplicably omitted in prior proceedings.  *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991), *aff'd sub nom U.S. v. Carper*, 22 F.3d 303 (3d Cir. 1994), *cert. denied sub nom Karr v. Carper*, 513 U.S. 1084 (1995).

Generally, three situations justify a district court reconsidering one of its orders: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice." *Sherwood v. Royal Ins. Co. of Am.*, 290 F. Supp. 2d 856, 858 (N.D. Ohio 2003) (internal citations omitted). The motion for reconsideration must demonstrate to the court why it should reconsider its decision and set forth strongly convincing facts or law which would induce it to reverse its prior decision. *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988).

In its motion for reconsideration, PEIC argues that the third situation cited above is operative. It argues that the March 23rd order improperly applied the declaratory judgment exception to the doctrine of *res judicata* and failed to address PEIC's argument that the exception does not apply here because the Louisiana Coverage Action was not limited to seeking declaratory relief. PEIC argues in the alternative that, even if this Court were to apply the declaratory judgment exception, reconsideration would be warranted because the post-1984 policies at issue in the instant action were also at issue in the prior action.

In support of its argument that the declaratory judgment exception does not apply, PEIC points to the Restatement (Second) of Judgment § 22, comment c, which states: "When a plaintiff seeks *solely* declaratory relief, the weight of authority does not view [the plaintiff] as seeking to enforce a claim against the defendant." (emphasis added.) PEIC argues that "it is beyond dispute that [Bridgestone/FP] sought coercive relief in addition to seeking a declaratory judgment in the Louisiana Coverage Action because its Complaint also asserted a separate cause of action for breach of contract against [PEIC] and sought compensatory damages, penalties and attorney's fees." (Doc. No. 18-1 at 859-60.)

After studying PEIC's argument on reconsideration, the Court concludes that its original Memorandum Opinion and Order erred in two respects: (1) by concentrating too much on the entire record of the Louisiana Coverage Action rather than simply comparing the scope of its complaint with that of the instant complaint;[2] and (2) by discussing the declaratory judgment exception at all, because it does not apply here where the Louisiana Coverage Action did not seek *solely* declaratory relief.

In its Memorandum Opinion and Order of March 23, 2012 (Doc. No. 16), this Court erred in concluding that the claims and policies in the instant action were *not* included in the Louisiana Coverage Action. The Court's error was in concentrating on the entire record of that case, rather than confining the inquiry to a comparison of the two complaints. When the proper comparison is made, it is apparent that the instant action is barred by *res judicata*.

To establish the defense of *res judicata*, defendant must show: (1) there is a final decision on the merits in the first action by a court of competent jurisdiction; (2) the second

---

[2] In considering the original motion to dismiss, as well as on reconsideration, the Court is permitted to "take judicial notice of other court proceedings without converting the motion into one for summary judgment." *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008)).

action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is identity of claims. *Walker v. Gen. Tel. Co.*, 25 Fed. App'x 332, 336 (6th Cir. 2001). Defendant has made all four showings.

First, there was a final decision on the merits in the Louisiana Coverage Action, including an affirmance on appeal. Second, the parties or their privies are the same in both cases. Third and fourth, although the complaint in the Louisiana Coverage Action never specifically identified the insurance policies under which Bridgestone/FP asserted its rights and the defendants' obligations, the complaint therein was *very* broadly written to include all the insurance policies covering the plaintiffs in the so-called *Blackwell* Lawsuit. *See* Doc. No. 12-2 at 298-99, ¶¶ 12-14.[3] The Louisiana district court ruled first on the issue of "bodily injury by disease" and subsequently declared all claims barred by *res judicata*. It entered final judgment stating that it had "resolved all of the remaining issues . . . through summary judgment rulings issued orally on April 20, 2009[,]" (Doc. No. 16 at 845). The appeal to the Fifth Circuit "from the district court's final order disposing of all parties' claims[]" was unsuccessful; the Fifth Circuit affirmed the judgment of the district court. If the plaintiffs there thought that the district court's dismissal of all the claims was improper, the appropriate forum for immediately addressing any such error was in that district court and/or the court of appeals.

---

[3] It is clear from the record that the plaintiffs (Bridgestone/FP) in the Louisiana Coverage Action (who are also the plaintiffs herein) were well aware of the existence of all of the insurance policies, including the two at issue in the instant action, prior to the time the Louisiana Coverage Action was filed on February 1, 2008, because William Victory, Claims Manager at Marsh USA, Inc. filed an affidavit on behalf of plaintiffs with an attached letter that he sent to ACE USA, Inc. (the successor to PEIC), that specifically identified the policies. The letter, dated August 17, 2005, notified the insurance company of the *Blackwell* Lawsuit and the claims being made against Bridgestone/FP. *See* Doc. No. 12-3 at 334, 335 (referencing the two policies).

In light of this revised conclusion that all of the insurance policies, including the two at issue here, were in fact within the scope of the Louisiana Coverage Action, PEIC is correct that the declaratory judgment exception does not apply here to save the instant complaint from dismissal because the Louisiana Coverage Action was one for *both* declaratory relief and breach of contract against PEIC and the other insurance companies.

### III. CONCLUSION

For the reasons set forth above, Doc. No. 18 is **GRANTED** and, upon reconsideration, the Court **VACATES** Doc. No. 16 to the extent it denied defendant's motion to dismiss. This case is hereby **DISMISSED** on the grounds of *res judicata*.

**IT IS SO ORDERED**.

Dated: February 27, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**